# United States Tax Court

T.C. Memo. 2023-77

KATRINA E. WHITE,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 15886-18.                    Filed June 21, 2023.

————

Katrina E. White, pro se.

*Frederic J. Fernandez, Allison N. Kruschke*, and *Mark J. Miller*, for respondent.

## MEMORANDUM OPINION

PARIS, *Judge*:  By notice of deficiency dated May 14, 2018, respondent determined a deficiency of $4,931 in petitioner's 2016 federal income tax. The sole issue for decision is whether petitioner is entitled to exclude cancellation-of-indebtedness income of $14,433 under the insolvency exception under section 108(a)(1)(B).[1]

The parties submitted this case for decision without trial pursuant to Rule 122.

### Background

The following facts are derived from the Stipulation of Facts, the First Supplemental Stipulation of Facts, and the jointly stipulated

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] Exhibits contained therein. Petitioner resided in Wisconsin when she timely filed the Petition.

During 2015 petitioner owned and operated Professional Body Sugaring, LLC, in Menomonee Falls, Wisconsin. On June 17, 2015, petitioner signed a promissory note to First Bank Financial Centre for a small business loan of $15,000. Petitioner's business struggled and brought in little revenue. Between July 11, 2015, and February 3, 2016, petitioner made five payments on the loan totaling $661. Following the February 3 payment, petitioner failed to make any further payments toward the loan, and on November 23, 2016, the bank charged the loan off its books. First Bank Financial Centre issued petitioner a Form 1099–C, Cancellation of Debt, reporting discharge of debt totaling $14,433.

On April 20, 2015, petitioner had entered into a three-year lease with Leap Properties, LLC, for office space for her business beginning June 1, 2015, and terminating May 31, 2018. The lease included an acceleration clause stating that, if rent was late for more than two months, the full amount on the remaining lease would be immediately due in full and had to be paid on the third month. Petitioner breached her lease with Leap Properties, LLC, on January 15, 2016.

In November 2015 petitioner received $8,000 from her family, purportedly as a loan, to help with her struggling business. Petitioner did not enter into a written loan agreement or set a repayment schedule, and the record is unclear as to whether any interest was charged. Petitioner had made two payments of $100 each toward the loan at the time her small business loan debt was discharged.

Petitioner timely filed her 2016 Form 1040, U.S. Individual Income Tax Return. She reported as her only income for the year wage income of $29,140. She claimed a standard deduction of $9,300 and exemptions totaling $12,150 for a taxable income of $7,690. Petitioner did not report the discharge of indebtedness on her return.

Respondent examined petitioner's return and determined that the discharge of indebtedness represented gross income to petitioner. Respondent issued the Notice of Deficiency, and petitioner timely petitioned this Court for redetermination.

**[\*3]**                                    *Discussion*

I.      *Burden of Proof*

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). While the parties submitted this case for decision under Rule 122, such a submission "does not alter the burden of proof, or the requirements otherwise applicable with respect to adducing proof, or the effect of failure of proof." Rule 122(b).

In cases appealable to the U.S. Court of Appeals for the Seventh Circuit, as this one is barring a written stipulation to the contrary, *see* § 7482(b)(1)(A), (2), a taxpayer may rebut the presumption of correctness by demonstrating that an assessment is arbitrary and excessive or lacks a rational foundation, *Pittman v. Commissioner*, 100 F.3d 1308, 1313 (7th Cir. 1996), *aff'g* T.C. Memo. 1995-243. In cases involving unreported income, such as the present case, this showing is typically made "when the Commissioner makes no evidentiary showing at all but simply rests on the presumption or when the Commissioner's evidence completely fails to link the taxpayer to alleged unreported income." *Id.*

II.     *Discharge of Indebtedness Income and Insolvency Exception*

        A.      *Legal Principles*

Section 61(a) defines gross income as "all income from whatever source derived" including income from discharge of indebtedness. § 61(a)(12). Section 108(a) provides certain exceptions under which discharge-of-indebtedness income is excluded from income. One such exception arises where the taxpayer is insolvent immediately before the discharge. § 108(a)(1)(B). Insolvent means that the taxpayer's liabilities exceed the fair market value of her assets. § 108(d)(3). The amount of the exclusion is limited to the amount by which the taxpayer is insolvent, i.e., the amount by which the taxpayer's liabilities exceed the fair market value of her assets. § 108(a)(3), (d)(3); *see also McAllister v. Commissioner*, T.C. Memo. 2013-96, at \*7 ("The amount by which the taxpayer is insolvent is defined as the excess of the taxpayer's liabilities over the fair market value of the taxpayer's assets.").

A taxpayer claiming the benefit of the insolvency exception must prove (1) with respect to any obligation claimed to be a liability, that, as

**[\*4]** of the calculation date, it is more probable than not that she will be called upon to pay that obligation in the amount claimed and (2) that the total liabilities so proved exceed the fair market value of her assets. *Merkel v. Commissioner*, 109 T.C. 463, 484 (1997), *aff'd*, 192 F.3d 844 (9th Cir. 1999).

B. *Analysis*

Petitioner does not dispute that the loan was discharged in 2016.[2] Rather, she argues that the discharge of the debt should be excluded from income because she was insolvent at the time of discharge. Petitioner provided respondent and the Court with an insolvency worksheet that petitioner alleges shows her assets and liabilities at the time of the discharge of indebtedness, as well as supporting documentation of the listed items. Petitioner lists her assets and liabilities as follows:

| *Assets* | *Value* |
|---|---|
| Real Property | $28,500.00 |
| Cars and Vehicles | 1,000.00 |
| Household Goods | 559.89 |
| Clothing | 2,000.00 |
| Total | 32,059.89 |

---

[2] Petitioner maintains that she did not receive the Form 1099–C and was not aware that the debt had been discharged until she was contacted by respondent's revenue agent. "The moment it becomes clear that a debt will never have to be paid, such debt must be viewed as having been discharged." *Cozzi v. Commissioner*, 88 T.C. 435, 445 (1987). "The nonreceipt of a Form 1099 does not convert taxable income into nontaxable income." *Rinehart v. Commissioner*, T.C. Memo. 2002-71, 2002 WL 459098, at *2.

[*5]

| Liabilities | Amount |
| --- | --- |
| Student Loans | $5,293.65 |
| Accrued or Past Due Residential Utilities | 961.31 (water)<br><br>2,500.00 (estimated WE Energies) |
| Judgments[3] | 8,128.33 |
| Business Debts | 14,433.00 (small business loan)<br><br>21,700.00 (lease breach) |
| Other liabilities | 7,800.00 (family loan)<br><br>1,119.78 (furniture bill) |
| Total | 61,936.07 |

Respondent argues that petitioner has not adequately substantiated that the family loan, the lease breach acceleration debt, or the estimated WE Energies bills were bona fide debts. Under respondent's calculation, petitioner's liabilities at the time of discharge totaled $29,936.07 against assets totaling $32,059.89. According to respondent, then, petitioner was solvent by $2,123.82 and the cancellation of petitioner's loan constitutes gross income.

With respect to the lease breach acceleration debt, respondent argues that petitioner has failed to demonstrate that the debt was a bona fide debt. Specifically, respondent contends that, because Leap Properties, LLC, did not sue or otherwise take action to collect the amount due on the lease and because petitioner did not make any

---

[3] In support of this amount, petitioner introduced copies of judgments, credit reports, and other documentation. These documents indicate that petitioner has also been known as Katrina Duckworth or Katrina Gray.

**[\*6]** payments toward the amount due, petitioner has failed to show that the debt was a bona fide debt.

The Court disagrees. Petitioner provided a copy of the lease agreement, as well as a letter from Leap Properties, LLC, stating that petitioner breached the lease on January 15, 2016. The terms of the agreement creating the obligation to pay generally determine whether and in what amount the taxpayer will be called upon to pay. *Merkel*, 109 T.C. at 476 n.10. Under the terms of the lease, the entire amount remaining on the lease would become immediately due. The lease agreement between petitioner and Leap Properties, LLC, was an arm's-length transaction for a multiyear lease on commercial real estate, and the obligation to pay was legally enforceable at the time the $14,433 small business loan debt was discharged. Nothing in the record suggests otherwise. The fact that Leap Properties, LLC, did not sue petitioner to collect the debt does not in and of itself mean, as respondent suggests, that it was not a bona fide debt. Respondent cites no authority for the requirement that, for the Court to determine insolvency under section 108(a)(1)(B), a creditor must bring legal action or the taxpayer's liabilities must be brought to judgment, and the Court is aware of none.

Taking into account the $21,700 liability for breach of the lease, petitioner's liabilities totaled $51,636.07,[4] while the value of her assets totaled $32,059.89. Petitioner's liabilities exceeded the value of her assets by $19,576.18. Accordingly, petitioner was insolvent at the time the small business loan was discharged, and the discharge-of-indebtedness income is excluded.

III.    *Conclusion*

For the foregoing reasons, the discharge of petitioner's indebtedness of $14,433 is excluded from gross income under section 108(a)(1)(B). The Court has considered all of the arguments made by the parties, and to the extent they are not addressed herein, they are considered moot, irrelevant, or otherwise without merit.

---

[4] This amount excludes the value of the alleged family loan and estimated WE Energies bills. Because petitioner meets the standard for insolvency with the inclusion of the liability for breach of lease, the Court does not consider respondent's arguments with respect to those items.

**[*7]**   To reflect the foregoing,

*Decision will be entered for petitioner.*